Williams v. Hightower, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> *Circuit Judges*,
> MARK A. BARNETT,
> *Judge.*\*

_____

Charles C. Williams,

> *Plaintiff-Appellant*,

> v.                                                                                    19-1371

Emery Hightower, Chief of Police, Cheryl Gogins, Detective, Terry Waller, Hartford Fire Department Officer "Deputy Fire Chief," City of Hartford, Kimberly Taylor,

> *Defendants-Appellees*.[1]

_____

Appearing for Plaintiff-Appellant:                 Charles C. Williams, pro se, Somers, CT.

_____

\* Judge Mark A. Barnett, of the United States Court of International Trade, sitting by designation.

[1] The Clerk of Court is directed to amend the caption as above.

Appearing for Defendants-Appellees:        Rebecca M. Harris, Crumbie Law Group
LLC, Hartford, CT (*for* Emory Hightower,
Cheryl Gogins, and Terry Waller);

Nathalie Feola-Guerrieri, Senior Assistant
Corporation Counsel, Hartford, CT (*for*
Kimberly Taylor and City of Hartford).

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Charles C. Williams, pro se, appeals either from the September 7, 2018 entry of judgment by the district court (Thompson, *J.*) for Defendants-Appellees in Williams' action under 42 U.S.C. § 1983 for false arrest, malicious prosecution, retaliation, and various state law claims, or from the May 2019 mandate of this Court dismissing Williams' earlier appeals in this case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

To the extent that Williams appeals from the September 7, 2018 judgment, this appeal is untimely. *See* 28 U.S.C. § 2107 (imposing 30-day deadline); Fed. R. App. P. 4(a)(1) (same); *see also* Fed. R. App. P. 26(a)(1) (extending deadlines when the last day is a weekend or holiday). The timely filing of a notice of appeal is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Further, this Court has already considered Williams' appeal of that judgment, as well as from the district court's denial of Williams' motion to amend the judgment, and dismissed both as frivolous. Lastly, to the extent that Williams appeals from one of this Court's mandates dismissing his appeals, he erroneously filed notices of appeal in the district court. To appeal the mandate of this Court, Williams should have filed a petition for certiorari with the Supreme Court.

We have considered all of Williams' remaining arguments and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk